| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>                                           X | NOT FOR PUBLICATION |
| In re: | Chapter 7 |
|       Consolidated Distributors Inc., | Case No. 13-40350 (NHL) |
|                     Debtor.<br>                                           X | |

**AMENDED**[*]
**MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR RECONSIDERATION
AND CROSS MOTION FOR SANCTIONS**

HONORABLE NANCY HERSHEY LORD
United States Bankruptcy Judge

      Pending before the Court is the motion of creditors David Baksht ("Mr. Baksht"), Associated Business Consultants, Inc. (ABC),[1] and Jacob Yankle Sprintzer (individually "Mr. Sprintzer" and collectively the "Creditors") for reconsideration[2] (the "Motion for Reconsideration") of this Court's Order Approving Settlement Pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9019 (the "Order Approving Settlement"). Robert L. Geltzer (the "Trustee"), Chapter 7 trustee of the estate of Consolidated Distributors, Inc. (the

---

[*] This Amended Memorandum Decision and Order supersedes the Memorandum Decision and Order dated June 26, 2014, ECF No. 108 (the "Decision and Order"), and amends the Decision and Order to reflect this Court's direction that this Amended Memorandum Decision and Order be served on all parties with Notice of Entry on this date.

[1] Mr. Baksht signed the Motion for Reconsideration as CEO of ABC; however, as a corporation, ABC may not appear *pro se*.

[2] The *pro se* motion, titled "Emrgency [sic] Motion for Order to Show Cause for Trustee to Show Cause Why Settlement Agreement with Monster Energy Corp Should Not be Approved by the Court," ECF No. 91, requests, *inter alia*, that the Court rescind its approval of the Settlement (as defined herein). Thus, the Court deems it to be a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), as made applicable through Bankruptcy Rule 9023 and E.D.N.Y. Local Bankruptcy Rule 9023-1(b).

"Debtor"), cross-moved for sanctions. For the following reasons, the Court denies the Motion for Reconsideration and declines to impose sanctions on the Creditors at this time.

## BACKGROUND

On December 10, 2013, the Trustee, by Howard P. Magaliff, Esq., special litigation counsel to the Trustee (the "Trustee's Counsel"), filed a motion pursuant to Bankruptcy Rule 9019 (the "9019 Motion") for approval of an agreement between the Trustee and Monster Energy Corporation ("MEC") to settle trademark litigation pending in the United States District Court for the Middle District of Florida (the "Settlement"). The Trustee also filed a "Notice of Hearing of Motion to Approve Settlement Agreement" (the "Notice"), which stated that the Court would hold a hearing on the 9019 Motion on January 14, 2014, and that objections to the 9019 Motion were due on January 7, 2014. Notice of Mot., ECF No. 83. The 9019 Motion and the Notice were served on December 10, 2013.[3]

On January 8, 2014, Mr. Spritzer and ABC filed identical objections to the 9019 Motion (the "Objections"). Mr. Baksht signed the ABC objection as president of ABC. The Objections argued *inter alia* that the Settlement was not in the best interest of the estate; the evaluation of the trademark claims by the Trustee and Trustee's Counsel was unreliable and uninformed; and the terms of the Settlement, including the settlement amount, were never fully disclosed.

A reply filed January 13, 2014, detailed the Trustee's diligence in assessing and negotiating the Settlement with the assistance of consulting trademark counsel. Also, the Trustee noted that the 9019 Motion, which was served on all creditors, set forth the terms of the

---

[3] Trustee's Counsel certified that, on December 10, 2013, he served the 9019 Motion and the Notice "by first class mail upon the people entitled to receive notice pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(3) identified on the creditor matrix maintained by the Clerk of the Bankruptcy Court in this case." Certificate of Service, ECF No. 84. Parties listed on the creditor matrix include: David Baksht, 719 Eastern Parkway Ste 3, Brooklyn, NY 11213-3411; Associated Business Consultants Inc., 719 Eastern Parkway Ste 3, Brooklyn, NY 11213-3411; and Yaakov Spritzer, 530 Montgomery Street, Brooklyn, NY 11225-4926.

2

Settlement and provided that the full document would be available upon request.[4] The Settlement itself was filed on the Court's docket as an exhibit to the 9019 Motion. *See* Mot. Ex 1, ECF No. 82.

On January 14, 2014, the Court held a hearing on the 9019 Motion (the "Hearing"). At the Hearing, attorneys for the Trustee and MEC appeared in support of the 9019 Motion, and no party appeared in opposition. The Court considered the entire record and determined that the Settlement met the standard for approval; thus, the Court overruled the Objections and granted the 9019 Motion.[5]

The Court issued the Order Approving Settlement on February 6, 2014. Hours later, the Creditors filed the Motion for Reconsideration. On February 11, 2014, the Trustee filed opposition to the Motion to Reconsideration and cross-moved for sanctions pursuant to 11 U.S.C. § 105(a) on the grounds that Mr. Baksht and Mr. Spitzer have acted in bad faith (the "Cross Motion"). After holding a hearing on the Motion for Reconsideration, the Court afforded the Creditors an opportunity to respond to the Cross Motion. *See* Resp., ECF No. 101.

---

[4] The 9019 Motion stated that"[t]he Settlement Payment Amount is commercially sensitive to MEC because it is concerned that disclosure will incentivize frivolous attacks on its intellectual property. As a result, the Settlement Payment Amount should be kept confidential pursuant to section 107(b)(1) of the Bankruptcy Code. The Settlement Payment Amount shall, however, be disclosed to (i) the Court, (ii) the United States Trustee and (iii) creditors, if any, that (x) file a timely objection to this Motion and (y) agree to keep such information confidential." Mot., 4 n.2, ECF No. 82. The Trustee declared under penalty of perjury that "[n]either [Mr. Spritzer nor ABC] (nor anyone else) requested a copy." Reply, 2 ¶ 5, ECF No. 87.

[5] Under Bankruptcy Rule 9019, courts considers whether a proposed settlement is "fair and equitable" and in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). A proposed settlement passes muster if it does not "fall below the lowest point in the range of reasonableness." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). The Second Circuit has "set forth factors for approval of settlements based on the original framework announced in *TMT* . . . ." *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating Inc.)*, 478 F.3d 452, 462 (2d Cir. 2007). Applying the relevant factors, this Court determined that the Settlement does not fall below the lowest level of reasonableness because it avoids the expense and delay of a complex, protracted trademark action; averts the risks of litigation, including the possibility that the Debtor could be found liable for significant damages; and provides a recovery to the estate.

## DISCUSSION

### A. Reconsideration

The Motion for Reconsideration is governed by Federal Rule of Civil Procedure 59 ("Rule 59"). *In re Parikh*, 397 B.R. 518, 523 (Bankr. E.D.N.Y. 2008). "Bankruptcy Rule 9023 provides that a motion to alter or amend a judgment under Rule 59(e) must be filed no later than 14 days after the entry of the judgment." *In re Flatbush Square, Inc.*, 508 B.R. 563, 568 (Bankr. E.D.N.Y. 2014). "A motion for reconsideration should be granted sparingly and in limited circumstances." *Parikh*, 397 B.R. at 523. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted). "The determination of whether a motion for reconsideration should be granted is within the sound discretion of the court." *Flatbush Square, Inc.*, 508 B.R. at 568.

Here, the Creditors contend that they were denied a full and fair opportunity to be heard in opposition to the Settlement because they allegedly did not receive notice of the Hearing; thus, reconsideration would be necessary to prevent injustice. Proof of mailing creates a rebuttable presumption of receipt. *Hanger v. U.S.*, 285 U.S. 427, 430 (1932). As evidenced by the certificate of service filed December 11, 2013, the Trustee timely served the 9019 Motion and Notice;[6] and the Creditors have failed to rebut the presumption of receipt. Although the Motion for Reconsideration includes the Creditors' "Affidavit [sic] as to Lack of Service of Notice of Jan

---

[6] A hearing on approval of a motion pursuant to Bankruptcy Rule 9019 requires twenty-one days' notice, plus three days for mailing. Fed. R. Bankr. P. 2002(a)(3); E.D.N.Y. LBR 9006-1(c). "Service . . . is complete on mailing." Fed. R. Bankr. P. 9006(e).

14 2014 Hearing Before Hon. Judge Lord,"[7] the Creditors filed the Objections, which strongly suggest that they received the Trustee's mailing. Therefore, the Creditors' allegation that they were unaware of the Hearing is neither credible nor a sound basis on which to grant the Motion for Reconsideration.

The Creditors also argue that reconsideration is warranted because the Settlement is unfair. However, "[r]econsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion." *Kapsis v. Brandveen*, No. 9-CV-1352(JS)(AKT), 2009 WL 2950245, at *1 (E.D.N.Y. Sept. 9, 2009). Although the Creditors did not appear at the Hearing, the Court considered the Objections before granting the 9019 Motion.[8] Accordingly, the Court declines to rescind, revise, or otherwise revisit its ruling—the Settlement is fair and equitable, reasonable, and in the best interest of creditors and the estate.

**B. Sanctions**

11 U.S.C. § 105(a), which states that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," empowers courts to impose sanctions for bad faith. *In re Spectee Grp., Inc.*, 185 B.R. 146, 155 n.15 (Bankr. S.D.N.Y. 1995). "The hallmark of bad faith is the attempt to abuse the judicial process." *Id*. at 155. For instance, a Court in this district imposed sanctions on a Debtor who

---

[7] The affidavit states "[w]e the Undersigned state under penalties of perjury, that, we were not served with notice for hearing on Jan 14 2014 . . . ." Mot. ECF No. 91.

[8] After the Court ruled, Mr. Baksht, in his individual capacity as creditor, filed untimely opposition to the 9019 Motion. Consequently, the Order Approving Settlement states, "WHEREAS, after the Court having ruled on the Motion at the Hearing, an Affirmation in Opposition having been filed by David Baksht on January 21, 2014; and said opposition having not been considered as it was untimely filed." Order, ECF No. 90. Nevertheless, the Court considered ABC's objection, which was not only identical in form and content to the Mr. Baksht's objection, but also signed by Mr. Baksht. Thus, Mr. Baksht has been afforded a full and fair opportunity to be heard.

initiated "an unreasonabl[y] vexatious multiplication of proceedings . . . repeatedly assert[ing] baseless claims." *Elmasri v. Rupp (In re Elmasri)*, Nos. 8-05-88238-478, 8-09-08418-478, 2010 WL 1544420, at *5 (Bankr. E.D.N.Y. Apr. 19, 2010), *aff'd*, No. 10-CV-2761(JS), 2011 WL 477726 (E.D.N.Y. Feb. 2, 2011). Furthermore, false representations may constitute sanctionable bad-faith conduct. *In re Gorshtein*, 285 B.R. 118, 124 (Bankr. S.D.N.Y. 2002). The inherent power to impose sanctions under § 105 "must be exercised with restraint and not utilized unless the challenged conduct is 'entirely without color' and 'motivated by improper purposes.'" *In re Hill*, 377 B.R. 8, 27 (Bankr. D. Conn. 2007) (quoting *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 35 (2d Cir. 1995)).

The Court is mindful of the seriousness of the Trustee's allegation that the Creditors committed perjury by falsely affirming that they were not served. At best, the Creditors' representations are counterfactual and misleading. Nevertheless, in exercising its discretion, the Court declines to find that the Creditors acted with sufficient bad faith to warrant the imposition of sanctions at this juncture. In reaching its determination, the Court has extended to the Creditors a degree of leniency afforded to *pro se* parties. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, the Court will not tolerate any further abuse of process by the Creditors and will not afford future leniency should the Creditors persist in a pattern of sanctionable conduct including, but not limited to, misrepresenting facts to the Court through duplicitous, meritless filings.[9]

---

[9] The Creditors' lack of formal legal training will not excuse their continued advancement of arguments devoid of any legal or factual basis. Furthermore, Mr. Baksht may not represent ABC, or any corporate entity, as he is not an attorney. Likewise, Mr. Baksht does not, and cannot, represent the Debtor, derivatively or otherwise.

## CONCLUSION

For all of the foregoing reasons, the Motion for Reconsideration is denied and the Cross Motion is denied without prejudice.

The Office of the Clerk of the Court shall serve this Amended Memorandum Decision and Order and Notice of Entry thereof.

**IT IS SO ORDERED.**



Dated: July 3, 2014  
Brooklyn, New York

Nancy Hershey Lord  
United States Bankruptcy Judge