| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: 9/26/17<br>Time: 11:00 A.M. |

-----------------------------------------------------------x

In re                                                                    **Chapter 7**

**CONSOLIDATED DISTRIBUTORS INC.,**          Case No. 13-40350 (NHL)

                                        Debtor.

-----------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF
AN ORDER APPROVING THE SALE OF "REMNANT ASSETS" OF THE
DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS, AND ENCUMBRANCES PURSUANT TO
<u>11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF</u>**

      **PLEASE TAKE NOTICE,** that on **September 26, 2017 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge of the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on the motion (the "Motion") of Robert L. Geltzer, Chapter 7 trustee (the "Trustee") of the estate of Consolidated Distributors Inc. (the "Debtor"), by his undersigned counsel, seeking entry of an Order, pursuant to sections 105 and 363 of Title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 6004, and E.D.N.Y. Local Bankruptcy Rule 6004-1, approving the sale of certain assets of the Debtor's estate free and clear of all liens, claims, and encumbrances.

      **PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing and filed with the Court electronically in accordance with the Court's General Order No. 559 concerning revised electronic filing procedures, amended by Chief Judge Carla E. Craig on March 18, 2016 (the "General Order")[1] by registered users of the

---

[1] The General Order and instructions regarding the Electronic Case Filing system can be found at www.nyeb.uscourts.gov, the official website for the United States Bankruptcy Court for the Eastern District of New York.

Court's Electronic Case Filing system, and by all other parties in interest on diskette, CD, DVD or USB Flash Drive in Portable Document Format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with the General Order or by first-class mail, and be served upon the following parties no later than **September 19, 2017** (the "Objection Deadline"):  (i) Law Offices of Robert L. Geltzer, counsel to the Trustee, 1556 Third Avenue, Suite 505, New York, New York 10128 (Attention: Mark E. Bruh, Esq.); (ii) Oak Point Partners, 5215 Old Orchard Rd., Suite 965, Skokie, IL 60077 (Attention:  Janice A. Alwin, Esq.); and (iii) the Office of the United States Trustee, Eastern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attention: Marylou Martin, Esq.).

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: New York, New York
        August 1, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK8

-----------------------------------------------------------x
In re                                             **Chapter 7**

**CONSOLIDATED DISTRIBUTORS INC.,**               Case No. 13-40350 (NHL)

                          Debtor.
-----------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER APPROVING THE SALE OF "REMNANT ASSETS" OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

**TO:   THE HONORABLE NANCY HERSHEY LORD,
        UNITED STATES BANKRUPTCY JUDGE:**

ROBERT L. GELTZER, Chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above captioned debtor (the "Debtor"), by his undersigned counsel, submits this motion (the "Motion") seeking entry of an Order, pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 6004, and E.D.N.Y. Local Bankruptcy Rule 6004-1, approving the sale of "remnant assets" (as defined below) of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of all liens, claims, and encumbrances, and respectfully sets forth and represents as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.  Venue of this bankruptcy case is proper in this District pursuant to 28 U.S.C. §1408.

3.    The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6004-1.

## BACKGROUND AND PROPOSAL

4.    On January 22, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

5.    On or about July 23, 2013, the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code.

6.    On or about July 24, the Trustee was appointed as the chapter 7 trustee for the Debtor's Estate, duly qualified, and is now acting as such Trustee.

7.    Since his appointment, the Trustee has administered the Debtor's Estate for the benefit of the Debtor's creditors in accordance with his power and duties. He has already investigated, commenced and concluded litigation, and no further investigation or litigation needs to be commenced.

8.    The Trustee is in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's assets is realized, which efforts include pursuing the sale of any remaining assets, such as known or unknown claims, property rights, judgments or assets which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").

9.    Pursuant to a negotiated purchase agreement attached hereto as Exhibit A (the "Purchase Agreement"), the Trustee proposes to sell the Remnant Assets to Oak Point in exchange for a payment of $5,000 to the Debtor's Estate (the "Purchase Price").

10. In accordance with the Purchase Agreement, the Remnant Assets expressly exclude: (a) any and all funds held by the Trustee in the Estate's bank accounts; and (b) the Purchase Price.

11. In the Trustee's business judgment, the purchase price proposed for the Remnant Assets represents a fair and reasonable sale price for such assets and is the highest and best offer for the sale of the Remnant Assets. Moreover, the benefit of receiving immediate payment for assets which are largely speculative and unknown outweighs the potential benefits of retaining Remnant Assets.

12. The Trustee further submits that the private sale of the Remnant Assets, in accordance with the terms of the Purchase Agreement, serves the best interest of the Debtor's Estate and its creditors. Accordingly, the Trustee respectfully requests that the Court approve the Purchase Agreement.

**Basis for the Relief Requested**

13. By this Motion, the Trustee seeks an order, pursuant to 11 U.S.C. §§ 105 and 363(b), (f) and (m), authorizing the Trustee to sell the Remnant Assets to Oak Point free and clear of all liens, claims, interests and encumbrances.

14. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b), (1); see In re Ames Dept. Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992). In addition, § 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15.     The proposed use, sale, or lease of property of the estate may be approved under §363(b) of the Bankruptcy Code if it is supported by sound business justification. See In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Ionosphere Clubs, Inc., 184 B.R. 648 (S.D.N.Y. 1995); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991); In re Martin (Myers v. Martin), 91 F.3d, 395 (3d Cir. 1996). Moreover, pursuant to § 105, the Court has expansive equitable powers to fashion any order or decree which is in the interest of preserving or protecting the value of the Debtor's assets. See, e.g., In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986).

16.     The Trustee's authority to sell the Remnant Assets is amplified in Bankruptcy Rule 6004(f)(1), which in relevant part states that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

17.     In Lionel, one of the seminal and most widely followed cases dealing with asset sales, the Second Circuit determined that a sale of assets could be approved if the debtor or trustee could demonstrate an "articulated business justification" for the sale. In re Lionel, 722 F.2d at 1070. The Court further held that the factors to be considered in determining whether a sound business reason exists include the following:

> the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing…the effect of the proposed disposition…of the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

Id. at 1071.

18. If a sound business justification exists, then a presumption attaches that the decision was informed, in good faith and in the honest belief that the action was in the best interests of the estate. In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

19. In addition to requiring sound business reasons to approve a sale pursuant to Section 363(b) of the Bankruptcy Code, many courts have required a showing that the price to be obtained for assets be fair and reasonable; that the sale to the proposed purchaser was negotiated in good faith; and that it does not unfairly benefit insiders, the purchaser, or a certain creditor or class of creditors. See, e.g., In re Channel One Communications, 117 B.R. at 494-97; In re Indus. Valley Refrig. & Air Cond. Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

20. The Trustee submits that the sale of the Remnant Assets for the Purchase Price is a prudent exercise of his business judgment under the circumstances and is in the best interest of the Debtor's Estate and its creditors. The Purchase Price for the sale is reasonable and has been negotiated at arm's length. The Trustee is not aware of any asset except the $45,474.20 judgment obtained against the Debtor's principal, David Baksht, future assets or claims that might be liquidatable, obtained or otherwise administered for the benefit of the Debtor's Estate and its creditors. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

## **WAIVER OF STAY OF ORDER**

21. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

## NOTICE

22. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, on all scheduled creditors, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 1, 2017

>Respectfully submitted,
>The Law Offices of
>ROBERT L. GELTZER
>Counsel to the Chapter 7 Trustee
>ROBERT L. GELTZER, Chapter 7 Trustee
>for Consolidated Distributors Inc.
>
>By: /s/ Robert L. Geltzer
>    Robert L. Geltzer
>    1556 Third Avenue, Suite 505
>    New York, New York 10128
>    (212) 410-0100